UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Erik Search,<br><br>    Plaintiff,<br><br>v.<br><br>Uber Technologies, Inc.,<br><br>And<br><br>Yohannes Deresse,<br><br>    Defendants. | Case No.<br><br>Removed from:<br><br>Superior Court for the District of Columbia |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Uber Technologies, Inc. ("Defendant"), by and through its attorneys, hereby files this Notice of Removal, giving notice that it is removing this civil action to the United States District Court for the District of Columbia. In support of this Notice of Removal, Defendant respectfully states as follows:

1.  On or about August 28, 2014, Plaintiff Erik Search ("Search" or "Plaintiff") filed his Complaint in the Superior Court of the District of Columbia, entitled *Erik Search v. Uber Technologies, Inc. and Yohannes Deresse*, designated Case No. 14-0005407. A true and correct copy of the Complaint is attached to the Declaration of Alison N. Davis ("Davis Decl.") as Exhibit A.

2.  On October 23, 2014 Plaintiff served Defendant Uber with a copy of the Complaint and Summons. *See* Davis Decl., Exhibit A.

3.  Plaintiff Erik Search is the sole identified Plaintiff in this action. Pl.'s Compl.

4. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case. *Id.* at §§ 1332 and 1441(b).

5. Upon information and belief, at the time this action was commenced and at all relevant times thereafter to the present, Plaintiff was and is an individual and a resident of the District of Columbia. Pl.'s Compl. Plaintiff therefore is a citizen of the District of Columbia.

6. Defendant Uber is incorporated in the state of Delaware, with its principal place of business in San Francisco, California. Davis Decl. at ¶ 3. Uber therefore is a citizen of Delaware and California.

7. Plaintiff alleges Defendant Yohannes Deresse aka Yohannes Getahun resides in the District of Columbia. Pl's Compl. at ¶ 5. Plaintiff's allegation is incorrect. Defendant Deresse is a resident of the Commonwealth of Virginia, and therefore is a citizen of the Commonwealth of Virginia. Davis Decl. at ¶ 2.

8. Because Plaintiff, Defendant Uber and Defendant Deressee are not citizens of the same state, the parties are completely diverse and removal is proper. Thus, this matter is between citizens of different states. *Id.* at § 1332(a)(1).

9. Based on Plaintiff's express demand in his Complaint for damages in the amount of $2,000,000, Pl.'s Compl. at 9, excluding interest and costs, Plaintiff seeks damages in an amount greater than the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a).

10. On January 21, 2015, counsel for Uber first learned that Defendant Deresse was a resident of the Commonwealth of Virginia, not the District of Columbia, when it obtained a copy

of Defendant Uber's Answer from the Court.  Defendant Deresse who is *pro se* did not serve his Answer on Defendant Uber.  *See* Davis Decl. at ¶ 2.

11. Defendant Uber timely files this Notice of Removal pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which Defendant Uber obtained knowledge that Defendant Deresse was a citizen of the Commonwealth of Virginia, and thus the case was removable.

12. This Court is the district court of the United States for the district and division embracing the place where this action is currently pending in state court.  28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been given to Plaintiff and a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the District of Columbia.  True and correct copies of Defendant's Notice of Removal to the Superior Court of the District of Columbia and Notice of Removal to Plaintiff are attached to the Declaration of Alison N. Davis as Exhibits C and D respectively.

14. The required filing fee of $350.00 and an executed civil cover sheet accompany this Notice.

NOTICE OF REMOVAL

3

WHEREFORE, Defendant Uber Technologies, Inc. respectfully removes this action, pending in the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia.

Dated: February 20, 2015

*/s/ Alison N. Davis*
Alison N. Davis (D.C. Bar No. 429700)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400
andavis@littler.com

Counsel for Defendant  Uber Technologies, Inc.

NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2015, a true and correct copy of the foregoing Notice of Removal was deposited with the U.S. Postal Service for delivery via first-class mail, postage prepaid, upon the following:

Paul Cornoni, Esq.
Regan Zambri Long Bertram, PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

Attorney for Plaintiff


Yohannes Deresse aka Yohannes Getahun
1015 Whiting St.
#1212
Alexandria, VA  22304

Pro Se


I further certify that, pursuant to 28 U.S.C. § 1446(d), on June 16, 2014, a copy of the foregoing Notice of Removal was served via Case FileXpress upon the following:

Duane B. Delaney
Clerk of the Court
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC 20001

         /s/ Alison N. Davis
         Alison N. Davis