# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  SHIRIN SCHOKRPUR
     UBER TECHNOLOGIES, INC.
     1455 MARKET STREET
     4TH FLOOR
     SAN FRANCISCO, CA 94103

SOP Transmittal # 525938163

202-572-3133 - Telephone

Entity Served:  UBER TECHNOLOGIES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of DISTRICT OF COLUMBIA on this 23 day of October, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:**  Erik Search, Pltf. vs. Uber Technologies, Inc. and Yohannes Deresse, etc., Dfts.

2.  **Document(s) Served:**   COMPLAINT, SUMMONS
    Other: Initial Order, Addendum, Document in Foreign Language

3.  **Court of Jurisdiction/Case Number:** District of Columbia - Superior Court - Civil Division, DC
    Case # 2014CA005407B

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:      _X_ Process Server      ___ Deputy Sheriff      ___ U. S Marshall

    ___ Delivered Via:         ___ Certified Mail       ___ Regular Mail        ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:** 10/23/2014 12:14:00 PM CST

7.  **Appearance/Answer Date:** Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates)

8.  **Received From:**   Paul Cornoni                   9.  **Federal Express Airbill #** 771609022916
                        Regan Zambri Long Bertram, PLLC
                        1919 M Street, N.W.              10. **Call Made to:** Not required
                        Suite 350
                        Washington, DC 20036
                        202-463-3030

11.     **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, SALLE YOO LEGAL@UBER.COM

**NATIONAL REGISTERED AGENTS, INC**                     Copies To:

Transmitted by Mark Diffenbaugh

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ERIK P SEARCH
    Vs.                                C.A. No.      2014 CA 005407 B
UBER TECHNOLOGIES, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge NEAL E KRAVITZ
Date:  August 28, 2014
Initial Conference: 9:30 am, Friday, December 12, 2014
Location:  Courtroom 219
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Erik Search
_____
                                    Plaintiff

                vs.                                    Case Number    **14 - 0005407**

Uber Technologies, Inc., et al.
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Paul Cornoni
_____
Name of Plaintiff's Attorney                        _Clerk of the Court_

1919 M Street, N.W., Suite 350
_____         By _____
Address                                                 Deputy Clerk
Washington, DC 20036

202-463-3030
_____         Date    8·28·14
Telephone

如需翻译，请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____

                                             Demandante

                    contra

                                                            Número de Caso: _____

_____

                                             Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

_____          Por: _____

Dirección                                              Subsecretario

_____          Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

ERIK SEARCH                                      :
3339 18th Street, N.W.
Washington, DC 20010                             :

    Plaintiff,                                   :

    v.                                           :

UBER TECHNOLOGIES, INC.                          :

Serve:  National Registered Agents, Inc.        :
        1015 15th Street, N.W.
        Suite 1000                               :
        Washington, DC 20005

                      :

And                                              :

YOHANNES DERESSE                                 :
a/k/a YOHANNES GETAHUN
1235 Ingraham Street, NW
Washington, DC 20001

    Defendants.

**RECEIVED**
**Civil Clerk's Office**
AUG 2 8 2014
Superior Court of the
District of Columbia
Washington, D.C.

Case No. 4 - 0 0 0 5 4 0 7

### COMPLAINT FOR DAMAGES
**(Assault & Battery; Negligence; Gross Negligence; Negligent Hiring/Training/Supervision, Breach of Contract)**

1.    Jurisdiction is vested in this court pursuant to D.C. Code Section 11-921 (1981 ed. as amended.)

2.    Venue is appropriate in this forum pursuant to 28 U.S.C. Section 1391(a), as the events occurred in the District of Columbia.

### PARTIES

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 1 -

3.     Plaintiff Erik Search is an adult resident of the District of Columbia.

4.     Upon information and belief, Defendant Uber Technologies, Inc. is a company licensed to operate in the District of Columbia and conducts such business in the District of Columbia.

5.     Upon information and belief, Defendant Yohannes Deresse, a/k/a Yohannes Getahung, is an adult resident of the District of Columbia. At the time of the incident, Defendant Yohannes Deresse, a/k/a Yohannes Getahung, was an employee, agent and/or servant of Defendant Uber and was acting within the course and scope of his employment.

## FACTS

6.     On Sept. 8, 2013, Mr. Search and three other friends needed a car service to provide them with transportation. At that time, Mr. Search used his Uber application on his phone to order an Uber driver to provide transportation. After ordering a driver from Uber, Defendant Deresse arrived at Plaintiff's location, 3030 K Street, N.W., Washington, DC and announced himself as the Uber driver Plaintiff had requested.

7.     Prior to this evening, Mr. Search had used his Uber application on his phone previously. On September 8, 2013, Mr. Search was relying upon Uber's prior representations advising Mr. Search that Uber would provide safe and reliable transportation and safe and reliable drivers. Given this reliance, Mr. Search decided to use Uber's services on September 8th.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

8.     Immediately after Plaintiff's group boarded the Uber car, the driver, Defendant Yohannes Deresse, began to act erratically, thus Mr. Search and his friends decided to get out of the vehicle.

9.     Upon information and belief, as Mr. Search and his friends were walking away from the car, Defendant Deresse got out of the Uber car to follow them and verbally attacked them.

10.     Upon information and belief, Plaintiff Search told the Uber driver to leave them alone and that they did not feel safe riding in an Uber car with him.

11.     Upon information and belief, Defendant Deresse then pulled a knife out and stabbed Mr. Search at least 6 times.

12.     As a result of the incident, Mr. Search sustained severe injuries, including but not excluding, multiple stab wounds to his chest and left upper extremity, underwent CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, and muscle reconstruction with sutures and staples.

## COUNT I
(Negligent Hiring/Training/Supervision: Defendant Uber Technologies, Inc.)

13.     Plaintiff incorporates by reference paragraphs 1 through 12 above, and further state that Defendant Uber Techologies, Inc. was the employer of Defendant Yohannes Deresse at all relevant times herein.

14.     Plaintiff further alleges that Defendant Uber Technologies, Inc. had a duty to use reasonable care in the selection, hiring, training, and supervision of its employees.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

15.    Plaintiff further alleges that Defendant Uber Technologies, Inc. breached the duties owed as set forth in the preceding paragraph.

16.    Plaintiff further alleges that the Defendant Uber Techologies, Inc. breaches of the duties owed to Plaintiff, include but are not limited to the following: by failing to hire personnel properly qualified to operate Uber vehicles in a safe and reasonable manner; by failing to properly screen potential employees, including Defendant Deresse before hiring him; by hiring Defendant Deresse; by failing to abide by proper screening protocols before hiring employees, including Defendant Deresse; failing to train Uber drivers to abide by all existing regulations; by hiring dangerous and unstable drivers including Defendant Deresse; failing to provide follow-up in-service safety training as required; by failing to provide follow-up safety screening of employees after hiring them, including Defendant Deresse; by failing to terminate Defendant Deresse prior to the incident in question; and failing to properly supervise drivers while such drivers are operating Uber vehicles.

17.    Defendant Uber Technologies, Inc. had actual or constructive notice of such failures to properly hire, train and supervise its employees, by failing to provide screening protocols, proper hiring procedures, proper training and supervision despite an obvious need that such screening procedures, hiring protocols, training and supervision was required, where Defendant knew to a moral certainty that it was foreseeable that its employees and/or agents would predictably confront such situations as depicted above and as a result of the failure to properly hire, train and supervise, criminal attacks of District of Columbia residents would occur.

Regan
Zambri & Long, P.L.L.C
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

18.     Such failures to properly hire, screen, train and supervise amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted its employee and/or agent to engage in the conduct which proximately and directly caused injuries to the Plaintiff.

19.     Defendant Uber knew and/or should have known that Defendant Deresse was emotionally unstable, unqualified to be a driver and was a danger to the public. Defendant Uber had constructive and/or actual knowledge of Defendant Deresse's dangerousness prior to the incident in question.

20.     As a direct and proximate result of Defendant's negligent acts and/or omissions, the Plaintiff suffered severe physical injuries, pain and suffering and mental anguish.

21.     As a further direct and proximate result of the negligent acts and/or omissions of the Defendant, the Plaintiff suffered severe physical pain and suffering, severe mental anguish, incurred medical bills and lost wages and suffered other damages.

## COUNT II
(Assault & Battery: Defendant Deresse)

22.     Plaintiff Erik Search hereby incorporates, by reference, the allegations made in paragraphs 1 through 21, as though fully set forth herein.

23.     At all times relevant to this Complaint, Defendant Deresse owed a duty to the Plaintiff to refrain from unconsented physical contact with the Plaintiff.

Regan
Zambri & Long, PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

24.    At all times relevant to this Complaint, Defendant Deresse owed a duty to the Plaintiff to comport himself consistent with the norms of a civilized society.

25.    Plaintiff further alleges that Defendant Deresse breached the duties owed to Mr. Search by brutally assaulting and stabbing the Plaintiff on September 8, 2013.

26.    At the time of the incident, Defendant intentionally used force on Plaintiff in a harmful way without justification or provocation.  At no time did Plaintiff consent to the touching.

27.    As a direct and proximate result of Defendant Deresse's physical attack and assault on the Plaintiff, the Plaintiff has sustained numerous physical injuries, including but not excluding, multiple stab wounds to the chest and left upper extremity, underwent CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, muscle reconstruction with sutures and staples and severe emotional injuries.

28.    As a further direct and proximate result of Defendant Deresse's violent assault and attack, the Plaintiff has suffered pain, mental anguish, humiliation and indignity, and has incurred medical expenses and other damages.

## COUNT III
(Negligence:  Defendant Deresse and Defendant Uber)

29.    The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 28 as though fully set forth herein.

30.    Plaintiff further alleges that Defendant Deresse owed a duty of care to avoid making physical contact with Plaintiff at the time in question.

Regan
Zambri & Long, PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 6 -

31.     Plaintiff further alleges that Defendant Deresse knew or in the exercise of reasonable care should have known that he owed a duty to Plaintiff to exercise caution to avoid making physical contact with Plaintiff.

32.     Plaintiff further alleges that Defendant Deresse violated this duty of care by performing physical contact on the Plaintiff which caused severe injuries.  As a direct and proximate result of Defendant Deresse's negligent conduct Plaintiff has suffered pain, mental anguish, humiliation and indignity, and has incurred medical expenses and other damages.

33.     At the time in question, Defendant Deresse was an employee, agent and/or servant of Defendant Uber Technologies, Inc.

34.     Also at the time in question, Defendant Deresse was acting within the course and scope of his employment as an Uber driver.  Therefore, Defendant Uber is liable for Defendant Deresse's conduct under the doctrine of *respondeat superior*.

## COUNT IV
(Gross negligence and punitive damages)

35.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as if fully set forth herein, and further allege that Defendants' actions and/or omissions were performed with evil motive, recklessness, actual malice, with intent to injure and/or in willful disregard for the rights of Plaintiff Search; and such actions also constitute gross negligence.

36.     Plaintiff further allege that the Defendants' conduct itself was outrageous, grossly fraudulent, and/or reckless toward the safety of the Plaintiff.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 7 -

37.    The Defendants acted with actual malice toward the Plaintiff Search or acted under circumstances amounting to a willful and wanton disregard of the Plaintiff's safety, and/or acted with conscious indifference towards the rights of and safety of the Plaintiff such that an award of punitive damages to the Plaintiff to punish the Defendants for their actions and/or omissions, and to serve as example to prevent others from acting in a similar way, is appropriate here, especially because the acts necessary for Defendants to have prevented and/or remedied could have been accomplished at minimal cost to the Uber Defendant.

## COUNT V
### (Breach of Contract:  Defendant Uber)

38.    The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 above, as if fully set forth herein.

39.    At the time of the incident, a contract existed between Plaintiff Erik Search and Defendant Uber, which  consisted of multiple agreements, including but not excluding, Plaintiff Erik Search provided monetary payment to Defendant Uber in exchange for Defendant Uber providing a safe and reliable driver and transportation on September 8, 2013.

40.    At the time of the incident, both parties intended to be bound by the contract and the contract was supported by consideration, including but not excluding, payment by Erik Search.

41.    At the time of entering into this contract, Plaintiff Erik Search relied upon Uber's representations and advertisements stating to Mr. Search and others that

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C  20036

202-463-3030

- 8 -

Uber provides safe and reliable transportation and safe and reliable drivers. Given this reliance, Mr. Search decided to enter into the contract with Uber on September 8, 2013.

42.     Defendant Uber breached the contract by failing to provide a safe and reliable driver and/or safe and reasonable transportation. This was a material breach of the contract and Plaintiff is entitled to damages caused by the breach.

43.     As a result of Defendant's breach, Plaintiff suffered numerous damages, including incidental and consequential damages. These damages include but no not exclude receiving personal injuries including multiple stab wounds, incurring substantial medical bills as well as lost wages and other damages.

44.     As a direct and proximate result of Defendant's breach of its contract, the Plaintiff has suffered pain, mental anguish, humiliation and indignity, and has incurred medical expenses and other damages.

WHEREFORE, Plaintiff Erik Search demands judgment against Defendants, Uber Technologies, Inc. and Yohannes Deresse, jointly and severally, in the full and just amount of Two Million Dollars ($2,000,000.00), plus interest and costs.

### JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all of the above claims.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Respectfully submitted,

REGAN ZAMBRI LONG

By: _____

Paul Cornoni                    #489398
pcornoni@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 10 -

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm—JM-170
### Washington, D.C.   20001

FILED
CIVIL ACTIONS BRANCH
DEC 03 2014
Superior Court
of the District of Columbia
Washington, DC.

*Eric search* Plaintiff

vs.

*Yohannes Getahun* Defendant

Civil Action No. 14-000 5407

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

Not Guilty

Case: 2014 CA 005407 B

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| Yohannes Getahun | 101 s. whiting st #1212 Alexandria Va 22304 | 202 427-5141 |

COPY MAILED TO: (ATTORNEY FOR PLAINTIFF)

Paul Cornoni 3339 18th st N.W. wash D.C 20010

Form CV(6)-451 / Dec. 91                                    2-0881 wd 155

Filed
D.C. Superior Court
11/26/2014 16:29PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| ERIK SEARCH, | ) | |
| Plaintiff | ) | Case No. 14 CA 5407 |
| | ) | |
| v. | ) | Calendar 13 - Judge Kravitz |
| | ) | |
| UBER TECHNOLOGIES, INC., et al., | ) | |
| Defendants | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

The plaintiff has filed a timely motion for a second extension of time in which to effect and file proof of service of process on the defendants. The plaintiff states that he has already served the defendants and filed affidavits of service but that, in an abundance of caution, he would like an opportunity to effect service again so as to avoid possible claims of invalid service.

In accordance with Rule 4(m) of the Superior Court Rules of Civil Procedure, it is this 26th day of November 2014

**ORDERED** that the motion is **granted**. It is further

**ORDERED** that the plaintiff has until December 26, 2014 to file affidavits of service establishing proper service of process on the defendants. It is further

**ORDERED** that the case remains set for an initial scheduling conference on January 23, 2015 at 9:30 a.m.

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

Copies to:

Paul Cornoni, Esq.
Alison N. Davis, Esq.
*Via CaseFileXpress*

Yohannes Deresse
a/k/a Yohannes Getahun
1235 Ingraham Street, NW
Washington, DC 20001
*Via USPS*

Filed
D.C. Superior Court
12/11/2014 14:55PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **ERIK SEARCH,** | ) | |
| **Plaintiff** | ) | **Case No. 14 CA 5407** |
| | ) | |
| v. | ) | **Calendar 13 - Judge Kravitz** |
| | ) | |
| **UBER TECHNOLOGIES, INC., et al.,** | ) | |
| **Defendants** | ) | |

### ORDER GRANTING PLAINTIFF'S CONSENT MOTION TO EXTEND TIME TO OPPOSE DEFENDANT UBER'S MOTION TO DISMISS

The plaintiff has filed a consent motion for an extension of time in which to file an opposition to defendant Uber Technologies, Inc.'s pending motion to dismiss. The plaintiff states that he needs until January 9, 2015 to file his opposition.

The court will grant the requested extension. The court also will continue the initial scheduling conference, to give the new judge on the case[1] a fair opportunity to resolve the motion to dismiss before the conference.

Accordingly, it is this 11th day of December 2014

**ORDERED** that the motion is **granted**. It is further

**ORDERED** that the plaintiff has until January 9, 2015 to file an opposition to defendant Uber Technologies, Inc.'s pending motion to dismiss. It is further

**ORDERED** that the initial scheduling conference currently set for January 23, 2015 is continued to March 6, 2015 at 9:30 a.m.


Neal E. Kravitz, Associate Judge
(Signed in Chambers)

---

[1] Judge John Campbell will be taking over this civil calendar on January 1, 2015 and will be responsible for resolving Uber's pending motion to dismiss.

Copies to:

Paul Cornoni, Esq.
Alison N. Davis, Esq.
*Via CaseFileXpress*

Yohannes Deresse
a/k/a Yohannes Getahun
1235 Ingraham Street, NW
Washington, DC  20001
*Via USPS*

2

Filed
D.C. Superior Court
01/28/2015 14:37PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **ERIK SEARCH,** ) | |
| ) | |
| *Plaintiff,* ) | Civil Case No.  2014 CA 5407 B |
| ) | Calendar 13 |
| v. ) | Judge John M. Campbell |
| ) | |
| **UBER TECHNOLOGIES, INC., et al.,** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## ORDER

On December 11, 2014, the Court granted the plaintiff's consent motion to extend time to oppose defendant Uber's motion to dismiss and continued the January 23 scheduling conference to March 6.  However, due to an administrative error, the January 23 hearing was not actually removed from the court's calendar, and the hearing took place on January 23.  After no parties appeared, the court scheduled a status hearing for February 27, 2015.  The administrative error has now been brought to the court's attention.  Accordingly, it is this 28th day of January, 2015, hereby

**ORDERED** that the status hearing scheduled for February 27, 2015, is **VACATED**; and it is further

**ORDERED** that the next hearing in this case will be a scheduling conference on March 6, 2015, at 9:30 a.m. in Courtroom 519.

**John M. Campbell**
Associate Judge

Copies to:
Paul Cornoni, Esq.
Alison Davis, Esq.
*Via CaseFileXpress*

Yohannes Deresse
1015 Whiting St., #1212
Alexandria, VA 22304
*Via USPS*

1