**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERIK SEARCH** | **:** |
| **3339 18th Street, N.W.** | |
| **Washington, DC 20010** | **:** |
| | |
| **Plaintiff,** | **:** |
| | |
| **v.** | **:** |
| | |
| **UBER TECHNOLOGIES, INC.** | **:** |
| | |
| **Serve:   National Registered Agents, Inc.** | **:** |
| **1015 15th Street, N.W.** | |
| **Suite 1000** | **:** |
| **Washington, DC 20005** | |
| | **:** |
| **and** | |
| | **:** |
| **MAJESTIC LIMOUSINE SERVICE** | |
| **3170 Draper Drive** | **:** **Case No.: 1:15-cv-00257 (JEB)** |
| **Unit 5** | |
| **Fairfax, VA 22031** | **:** |
| | |
| | **:** |
| **and** | |
| | **:** |
| **YOHANNES DERESSE** | |
| **a/k/a YOHANNES GETAHUN** | **:** |
| **101 S. Whiting Street, #1212** | |
| **Alexandria, VA 22304** | **:** |
| | |
| **Defendants.** | **:** |
| | |
| | **:** |
| | |
| | **:** |

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

## FIRST AMENDED COMPLAINT FOR DAMAGES
### (Assault & Battery; Negligence; Gross Negligence; Negligent Hiring/Training/Supervision; D.C. Consumer Protection Procedures Act)

1. Jurisdiction and venue are proper pursuant to D.C. Code §§ 11-921(a)(6), 13-423(a), and 28-3905(k)(2).

## PARTIES

2. Plaintiff Erik Search is an adult resident of the District of Columbia.

3. Upon information and belief, Defendant Uber Technologies, Inc. ("Uber"), is a company authorized to conduct business, and conducting business, in the District of Columbia.

4. Upon information and belief, Defendant MAJESTIC LIMOUSINE SERVICE ("Majestic") is a company authorized to conduct business, and conducting business, in the District of Columbia, Maryland and Virginia.

5. Upon information and belief, Defendant Yohannes Deresse, a/k/a Yohannes Getahun, is an adult resident of the Commonwealth of Virginia. At the time of the incident, Defendant Yohannes Deresse, a/k/a Yohannes Getahun, was an employee, agent, and/or servant of Defendants Uber and Majestic, and he was acting within the course and scope of his employment with both of them.

## FACTS: UBER

6. Uber is a car service that provides drivers to customers on demand through a cell phone application, or "app," in cities around the world. Its Android app explains, "Uber is your private driver in more than 40 countries"; its iPhone app states, "Uber is your private driver in more than 50 countries."

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030



      (Android)[1]              (iPhone)[2]

7. Through several forms of media, Uber represents to consumers (including specifically to consumers in the District of Columbia Metropolitan Area) that it subjects its drivers to rigorous screening procedures prior to allowing them to drive for Uber. For example, Uber asserts the following on its website:

> All Uber ridesharing and livery partners must go through a rigorous background check. The three-step screening we've developed across the United States, which includes county, federal and multi-state checks, has set a new standard. These checks go back 7 years, the maximum allowable by the Fair

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

---

[1] Web version available at https://play.google.com/store/apps/details?id=com.ubercab&hl=en.
[2] Web version available at https://itunes.apple.com/us/app/uber/id368677368?mt=8.

- 3 -

> Credit Reporting Act. We apply this comprehensive and new industry standard consistently across all Uber products, including uberX.
>
> Screening for safe drivers is just the beginning of our safety efforts. Our process includes prospective and regular checks of drivers' motor vehicle records to ensure ongoing safe driving. Unlike the taxi industry, our background checking process and standards are consistent across the United States and often more rigorous than what is required to become a taxi driver.[3]

8. Uber also represents to consumers that it continues to monitor the quality of its drivers on an ongoing basis through a rating system.

9. Upon information and belief, Uber drivers undergo only a minimal in-person interview as part of the hiring process, and the training they are given amounts to little more than watching a fifteen-minute video.

10. The Uber app is free to download and install on a smartphone.

11. Uber dictates the fares that are charged by its cars (as in a traditional taxi, the total fare includes a "base fare," as well as additional charges per unit of distance and time); then, it pays its drivers 75-80% of the fares collected, and it keeps the other 20-25% for itself.

12. Uber drivers do not collect any form of payment directly from consumers; rather, they receive payment for their work for Uber via weekly direct deposit.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

---

[3] Ex. 1, "Uber Background Checks," available at http://blog.uber.com/driverscreening.

13. Uber drivers do not have the authority to retroactively adjust a fare upwards or downwards; in order to adjust a fare, they must request that Uber do so at its discretion.

14. If Uber's technology malfunctions, Uber drivers do not have the authority accept cash from passengers; rather, they must ask Uber for reimbursement.

15. Upon threat of termination, Uber subjects its drivers to a host of specific requirements concerning the performance of their driving duties, including, but not limited to, the following:

   a. Drivers must utilize an app on a phone provided by Uber;[4]

   b. Drivers must maintain their vehicles in "great" mechanical condition;

   c. Drivers must maintain their cars in an acceptably clean condition;

   d. Drivers must adhere to Uber's rules regarding tipping, to wit, by declining a first offer from a customer, although they may accept a second offer;

   e. Drivers must maintain a ride request acceptance rate that is acceptable to Uber;

   f. Drivers must respond to ride requests within a timeframe that is acceptable to Uber;

   g. Drivers must not call passengers who have requested a ride with a frequency that Uber determines is "excessive"; and

   h. Drivers must display the Uber logo on their vehicles.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

---

[4] Upon information and belief, although this was Uber's practice at the time of the attack on Mr. Search, Uber has in the intervening months begun charging its drivers a nominal fee for this privilege in at least some markets.

## FACTS

16. On Sept. 8, 2013, Mr. Search and three other friends needed a car service to provide them with transportation. At that time, Mr. Search used his Uber app to order an Uber driver to provide transportation. Uber driver Defendant Deresse arrived at Plaintiff's location, 3030 K Street NW, Washington, DC, and announced himself as the Uber driver Plaintiff had requested.

17. Prior to this evening, Mr. Search had used the Uber application on his phone previously. On September 8, 2013, Mr. Search, relying upon Uber's prior representations that Uber would provide safe and reliable transportation and safe and reliable drivers, decided to use Uber's services.

18. Immediately after Plaintiff's group boarded the Uber car, the driver, Defendant Deresse, began to act erratically; for that reason, Mr. Search and his friends decided to get out of the vehicle.

19. Upon information and belief, as Mr. Search and his friends were walking away from the Uber car, Defendant Deresse got out of the Uber car to follow them and verbally attacked them.

20. Upon information and belief, Plaintiff Search told the Uber driver to leave them alone and that they did not feel safe riding in an Uber car with him.

21. Upon information and belief, Defendant Deresse then pulled a knife out and stabbed Mr. Search at least 6 times. The physical contact made by Defendant Deresse on the Plaintiff arose out of the business transaction that brought Mr. Search to

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

Defendant Deresse's Uber car, and it was triggered by a dispute over the conduct of Uber's business (providing car service).

22. As a direct and proximate result of Defendant Deresse's physical attack and assault, Plaintiff sustained severe injuries, including, but not limited to, multiple stab wounds to his chest and left arm. As a result, he was required to undergo CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, and muscle reconstruction with sutures and staples.

23. As a further direct and proximate result of Defendant Deresse's violent assault and attack, the Plaintiff has suffered pain, mental anguish, humiliation, and indignity, and has incurred medical expenses and other damages.

## COUNT I
**(Negligent Hiring/Training/Supervision:  Defendants Uber & Majestic)**

24. Plaintiff incorporates by reference paragraphs 1 through 23 above, and further states that at all times relevant herein, Defendant Deresse was acting within the course and scope of his employment with Defendants Uber and/or Majestic.

25. Plaintiff further alleges that Defendants Uber and Majestic had a duty to use reasonable care in the selection, hiring, training, and supervision of its employees.

26. Plaintiff further alleges that Defendants Uber and/or Majestic breached the duties owed as set forth in the preceding paragraph.

27. Plaintiff further alleges that Defendants Uber and/or Majestic breached the duties owed to Plaintiff, including but not limited to in the following manners: by failing to hire personnel properly qualified to operate Uber vehicles in a safe and reasonable

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

manner; by failing to properly screen potential employees, including Defendant Deresse, before hiring him; by hiring Defendant Deresse; by failing to abide by proper screening protocols before hiring employees, including Defendant Deresse; by failing to train Uber drivers to abide by all existing regulations; by hiring dangerous and unstable drivers including Defendant Deresse; by failing to provide follow-up, in-service safety training as required; by failing to provide follow-up safety screening of employees after hiring them, including Defendant Deresse; by failing to terminate Defendant Deresse prior to the incident in question; and failing to properly supervise drivers while such drivers are operating Uber vehicles.

28. Defendants Uber and/or Majestic had actual or constructive notice of their failures to properly hire, train, and supervise their employees, by failing to provide screening protocols, proper hiring procedures, proper training, and supervision despite an obvious need for such screening procedures, hiring protocols, training, and supervision, given that Defendants knew to a moral certainty that it was foreseeable that their employees and/or agents would predictably experience confrontations with passengers, and that as a result of the failure to properly hire, train, and supervise, criminal attacks of District of Columbia residents would occur. Further, prior to the incident in question, Defendants had actual or constructive knowledge of Defendant Deresse's dangerous nature, potential for violence and general unfitness for duty.

29. Such failures to properly hire, screen, train, and supervise amounted to gross negligence, deliberate indifference, or intentional misconduct, and permitted

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

and/or encouraged their employee and/or agent to engage in the conduct that directly and proximately caused Plaintiff's injuries.

30.  Defendants Uber and/or Majestic knew and/or should have known that Defendant Deresse was emotionally unstable and unqualified to be a driver, and that he was a danger to the public. Defendants Uber and/or Majestic had constructive and/or actual knowledge of Defendant Deresse's dangerousness prior to the incident in question.

31.  As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff suffered severe physical injuries, pain and suffering, and mental anguish, and he incurred medical bills and lost wages and suffered other damages.

## COUNT II
### (Assault & Battery: Defendant Deresse)

32.  Plaintiff incorporates, by reference, the allegations made in paragraphs 1 through 31, as though fully set forth herein.

33.  Plaintiff further alleges that Defendant Deresse, over the course of his attack on Plaintiff, intentionally acted to create in Plaintiff the apprehension of an imminent harmful and offensive contact with his person.

34.  Plaintiff further alleges that Defendant Deresse, over the course of his attack on Plaintiff, succeeded in causing such harmful and offensive contact with Plaintiff's person, causing him severe pain and violating his personal dignity.

35.  As a direct and proximate result of Defendant Deresse's physical attack and assault, Plaintiff sustained severe injuries, including, but not limited to, multiple stab

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

wounds to his chest and left arm. As a result, he was required to undergo CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, and muscle reconstruction with sutures and staples.

36. As a further direct and proximate result of Defendant Deresse's violent assault and attack, the Plaintiff has suffered pain, mental anguish, humiliation, and indignity, and has incurred medical expenses and other damages.

## COUNT III
### (Negligence:  Defendant Deresse)

37. Plaintiff incorporates, by reference, the allegations made in paragraphs 1 through 36, as though fully set forth herein.

38. Plaintiff further alleges that Defendant Deresse owed a duty of care to avoid making physical contact with Plaintiff at the time in question.

39. Plaintiff further alleges that Defendant Deresse violated this duty of care by causing physical contact with the Plaintiff.

40. As a direct and proximate result of Defendant Deresse's physical contact with Plaintiff, Plaintiff sustained severe injuries, including, but not limited to, multiple stab wounds to his chest and left arm. As a result, he was required to undergo CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, and muscle reconstruction with sutures and staples.

41. As a further direct and proximate result of Defendant Deresse's physical contact with Plaintiff, the Plaintiff has suffered pain, mental anguish, humiliation, and indignity, and has incurred medical expenses and other damages.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

## COUNT IV
**(Negligence, *Respondeat Superior*: Defendant Uber)**

42. Plaintiff incorporates, by reference, the allegations made in paragraphs 1 through 41, as though fully set forth herein.

43. Defendant Uber is the only defendant to this Count.

44. Plaintiff further alleges that Defendant Uber is legally liable for all acts and/or omissions committed by Defendant Deresse within the course and scope of his employment with Uber.

45. Plaintiff further alleges that Defendant Deresse was acting within the course and scope of his employment and/or agency with Defendant Uber at the time of his negligent conduct towards Plaintiff.

46. As a direct and proximate result of Defendant Deresse's negligence, Plaintiff sustained severe injuries, including, but not limited to, multiple wounds to his chest and left arm. As a result, he was required to undergo CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, and muscle reconstruction with sutures and staples.

47. As a further direct and proximate result of Defendant Deresse's negligent conduct, the Plaintiff has suffered pain, mental anguish, humiliation, and indignity, and has incurred medical expenses and other damages.

## COUNT V
**(Negligence, Apparent Agency: Defendant Uber)**

48. Plaintiff incorporates, by reference, the allegations made in paragraphs 1 through 47, as though fully set forth herein.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

49. Defendant Uber is the only defendant to this Count.

50. Plaintiff further alleges that through its advertising campaigns, blogs, and official communications across various types of media, Defendant Uber represents to its customers that the drivers that it provides are Uber's agents, and that their care and skill is carefully vetted on both an up-front and an ongoing basis.

51. In reasonable reliance upon these representations, Plaintiff justifiably relied upon the care and skill of Defendant Deresse as the apparent agent of Defendant Uber.

52. As a direct and proximate result of this reliance, Plaintiff sustained severe injuries, including, but not limited to, multiple stab wounds to his chest and left arm. As a result, he was required to undergo CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, and muscle reconstruction with sutures and staples.

53. As a further direct and proximate result of this reliance, the Plaintiff has suffered pain, mental anguish, humiliation, and indignity, and has incurred medical expenses and other damages.

## COUNT VI
### (D.C. Code § 28-3905(k): Defendant Uber)

54. Plaintiff incorporates, by reference, the allegations made in paragraphs 1 through 53, as though fully set forth herein.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

55. This Count is brought under D.C. Code § 28-3905(k), the private enforcement provision of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 to -3913.

56. Plaintiff alleges that Defendant Uber repeatedly represented to the consumer public, including specifically to Plaintiff, that its drivers were rigorously screened in order to ensure that they would not pose a danger to passengers such as Plaintiff.

57. Plaintiff further alleges that Defendant Uber failed to conduct thorough screenings of its drivers (either up-front background investigations or on a continuing basis), including specifically of Defendant Deresse.

58. Plaintiff further alleges that in so doing, Defendant Uber violated provisions of the CPPA, including, but not limited to, Sections 29-3904(a), (d), and (e).

## COUNT VII
### (Negligence, *Respondeat Superior*: Defendant Majestic)

59. Plaintiff incorporates, by reference, the allegations made in paragraphs 1 through 58, as though fully set forth herein.

60. Defendant Majestic is the only defendant to this Count.

61. Plaintiff further alleges that Defendant Majestic is legally liable for all acts and/or omissions committed by Defendant Deresse within the course and scope of his employment with Majestic.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

62. Plaintiff further alleges that Defendant Deresse was acting within the course and scope of his employment and/or agency with Defendant Majestic at the time of negligent conduct towards Plaintiff.

63. As a direct and proximate result of Defendant Deresse's negligence, Plaintiff sustained severe injuries, including, but not limited to, multiple stab wounds to his chest and left arm. As a result, he was required to undergo CT scans, x-rays, surgical exploration of the chest wound, diagnostic laparoscopy, cauterization, and muscle reconstruction with sutures and staples.

64. As a further direct and proximate result of Defendant Deresse's negligence, the Plaintiff has suffered pain, mental anguish, humiliation, and indignity, and has incurred medical expenses and other damages.

## **COUNT VIII**
**(Gross Negligence and Punitive Damages: Defendant Uber)**

65. Plaintiff incorporates, by reference, the allegations made in paragraphs 1 through 64, as though fully set forth herein.

66. Defendant Uber is the only defendant to this Count.

67. Plaintiff further alleges that Defendant Uber's actions and/or omissions were performed with evil motive, recklessness, actual malice, with intent to injure, and/or in willful disregard for the rights of Plaintiff; and such actions also constitute gross negligence.

68. Plaintiff further alleges that Defendant Uber's conduct itself was outrageous, grossly fraudulent, and/or reckless toward Plaintiff's safety.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

69. Defendant Uber acted with actual malice toward Plaintiff or acted under circumstances amounting to a willful and wanton disregard of Plaintiff's safety, and/or acted with conscious indifference towards the rights of and safety of the Plaintiff such that an award of punitive damages to the Plaintiff to punish Defendant Uber for its actions and/or omissions, and to serve as example to prevent others from acting in a similar way, is appropriate here, especially because the acts necessary for Defendant Uber to have prevented and/or remedied the harms could have been accomplished at minimal cost to Defendants Uber.

WHEREFORE, Plaintiff Erik Search demands judgment against Defendants, Uber Technologies, Inc., MAJESTIC LIMOUSINE SERVICE and Yohannes Deresse, jointly and severally, in the form of compensatory damages in the full and just amount of Two Million Dollars ($2,000,000.00), plus interest and costs.

WHEREFORE, Plaintiff Erik Search demands judgment against Defendant Uber Technologies, Inc., in the form of One Thousand Five Hundred Dollars ($1,500.00) per violation, as well as reasonable attorney's fees, punitive damages, an injunction against the future unlawful trade practices, and any other relief that this Court deems proper for its repeated violations of the District of Columbia Consumer Protection Procedures Act.

WHEREFORE, Plaintiff Erik Search demands judgment against Defendant Uber Technologies, Inc., in the form of punitive damages in the full and just amount of Two Million Dollars ($2,000,000.00), plus interest and costs.

## **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all of the above claims.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

Respectfully submitted,

REGAN ZAMBRI LONG

By: **/s/Paul Cornoni**
Paul Cornoni  #489398
pcornoni@reganfirm.com
Christopher Regan  #1018148
cregan@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
Ph:  (202) 463-3030
Fx:  (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030