UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIK SEARCH,<br><br>      Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., *et al.*,<br><br>      Defendants. | Case No. 1:15-cv-00257 (JEB) |

**DEFENDANT UBER TECHNOLOGIES' ANSWER TO
FIRST AMENDED COMPLAINT FOR DAMAGES**

Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), by undersigned counsel, hereby submits its answer and defenses in response to the First Amended Complaint for Damages ("Complaint") of Plaintiff Erik Search.

1. Defendant admits that Plaintiff invokes the jurisdiction and venue of the Court pursuant to the statutes cited in Paragraph 1 of the Complaint, but denies that it violated any statute or engaged in any wrongdoing or unlawful conduct of any kind. Additionally, the existence of jurisdiction or venue is a legal conclusion which requires neither an admission nor a denial.

**PARTIES**

2. Defendant admits that Plaintiff alleges that he is an adult resident of the District of Columbia, but Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff alleges that Defendant Majestic Limousine Service ("Majestic") is a company authorized to conduct business, and conducting business, in

the District of Columbia, Maryland, and Virginia, but Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. Defendant admits that Plaintiff alleges that Defendant Yohannes Deresse ("Deresse") is an adult resident of the Commonwealth of Virginia, but Defendant is without knowledge or information sufficient to admit or deny this allegation, and therefore denies the same. Defendant denies the remaining allegations of Paragraph 5 of the Complaint.

### FACTS: UBER

6. Defendant admits that its Android app's "Read More" section on Google Play states "Uber is your private driver in more than 50 countries," and that its iPhone app's description on the Apple Store states "Uber is your private driver in more than 50 countries." Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint, including subparagraphs (a)–(h).

## FACTS

16. Defendant admits that independent transportation provider, Deresse, accepted Plaintiff's request to be picked up at his location. Defendant denies that Deresse was an "Uber driver," and that Plaintiff could use the Uber app to "order" an "Uber driver." Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff had used the Uber application previously. Defendant denies the remainder of the allegations of Paragraph 17 of the Complaint

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint

22. Defendant denies the allegations of Paragraph 22 of the Complaint

23. Defendant denies the allegations of Paragraph 23 of the Complaint

## COUNT I

**(Negligent Hiring/Training/Supervision: Defendants Uber & Majestic)**

24. COUNT I (Paragraphs 24 - 31) has been dismissed without prejudice pursuant to the Order dated September 10, 2015, and no response is required.

## COUNT II

**(Assault & Battery: Defendant Deresse)**

32. COUNT II (Paragraphs 32 – 36) was addressed to Defendant Deresse, and no response is required from Uber.

## COUNT III

**(Negligence:  Defendant Deresse)**

37. COUNT III (Paragraphs 37 – 41) was addressed to Defendant Deresse, and no response is required from Uber.

## COUNT IV

**(Negligence, *Respondeat Superior:* Defendant Uber)**

42. Defendant incorporates by reference its responses to paragraphs 1 through 41 as if fully stated herein.

43. To the extent allegations within paragraph 43 of the Complaint constitute legal conclusions, neither an admission nor a denial is required.  To the extent that an admission or denial is required, Defendant admits that Plaintiff designated Uber as the only defendant to Count IV of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

## COUNT V

**(Negligence, Apparent Agency; Defendant Uber)**

48. Defendant incorporates by reference its responses to paragraphs 1 through 47 as if fully stated herein.

49. To the extent allegations within paragraph 49 of the Complaint constitute legal conclusions, neither an admission nor a denial is required.  To the extent that an admission or denial is required, Defendant admits that Plaintiff designated Uber as the only defendant

Count V of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

## COUNT VI

### (D.C. Code § 28-3905(k): Defendant Uber)

54. Defendant incorporates by reference its responses to paragraphs 1 through 53 as if fully stated herein.

55. To the extent allegations within paragraph 49 of the Complaint constitute legal conclusions, neither an admission nor a denial is required. To the extent that an admission or denial is required, Defendant admits that Plaintiff designated Uber as the only defendant to Count VI of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

## COUNT VII

### (Negligence, *Respondeat Superior*: Defendant Majestic)

59. COUNT VII (Paragraphs 59 – 64) was addressed to Defendant Majestic, and no response is required from Uber.

## COUNT VIII

65. COUNT VIII (Paragraphs 65 – 69) has been dismissed without prejudice pursuant to the Order dated September 10, 2015, and no response is required.

## PRAYER FOR RELIEF

Defendant admits only that Plaintiff demands the relief set forth in the "WHEREFORE" section of the Complaint, Paragraphs 70 through 72, but denies that Plaintiff is entitled to any relief requested therein.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial.

To the extent not expressly admitted above, Defendant denies the allegations contained in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, for which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they were not filed within the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, after-acquired evidence and waiver.

### FOURTH DEFENSE

Plaintiff's injuries, in whole or in part, were caused by his unreasonable conduct and not by any legal duty owed to Plaintiff by Defendant.

### FIFTH DEFENSE

Defendant did not make any misrepresentations regarding the services which it was providing to Plaintiff.

### SIXTH DEFENSE

Plaintiff's remedies are barred to the extent he failed to mitigate his damages.

### SEVENTH DEFENSE

Plaintiff voluntarily assumed the risk of injury by his conduct.

### EIGHT DEFENSE

Pursuant to the doctrine of *respondeat superior*, Defendant is not liable for the actions of persons who are not employees, or actions of employees which are outside the scope of their employment.

### NINTH DEFENSE

Defendant clearly and unequivocally represented to Plaintiff that Defendant Deresse was not its agent.

### TENTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were lawful, proper, reasonable and appropriate.

### ELEVENTH DEFENSE

Defendant is not liable for punitive damages because it did not commit any knowing, wanton, willful, intentional, fraudulent, grossly misleading, or malicious acts against Plaintiff, nor did it authorize or ratify such acts by any of its employees, managing agents, officers, or directors, nor did it act with reckless indifference to Plaintiff's rights.

### TWELFTH DEFENSE

Plaintiff failed to exercise reasonable care for his own safety.

### THIRTENTH DEFENSE

Any damages which Plaintiff alleges should be reduced by his comparative/contributory

negligence.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees.

## RESERVATION OF RIGHTS

Because discovery has not been completed at this stage of the case, Defendant reserves the right to raise any and all defenses that may appear and prove applicable during the course of this action.

WHEREFORE, Defendant Uber Technologies, Inc. prays for judgment against Plaintiff as follows:

1. For an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Uber and against Plaintiff;

2. For all costs, disbursements, and reasonable attorneys' fees incurred by Uber in connection with the defense of this matter;

3. For any other relief as the Court in the exercise of its discretion deems just and proper.

Dated:  September 24, 2015

/s/Alison N. Davis
Alison N. Davis (Bar No. 429700)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400
866.724.3975(Facsimile)
andavis@littler.com

*Counsel for Defendant Uber Technologies, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY ON THIS 24th day of September 2015, a copy of the foregoing Answer to First Amended Complaint for Damages was served via ECF upon:

    Paul Cornoni, Esq.
    Christopher Regan
    Regan Zambri Long
    1919 M Street, N.W., Suite 350
    Washington, D.C.  20036

    Counsel for Plaintiff

and via first class, postage prepaid U.S. Mail on:

    Yohannes Deresse
    101 S. Whiting Street, #1212
    Alexandria, VA  22304

                                              */s/ Alison N. Davis*
                                              Alison N. Davis